ON SUGGESTION OF ERROR.
As appears from the original opinion herein, the county assessing authorities of appellant county assessed one of the steamboats of appellee for ad valorem taxes for the years 1928, 1929, and 1930. Appellee attempted to appeal from the assessment, but the appeal having been prematurely taken was abortive and ineffectual. In the meantime, appellee paid the taxes under protest, and later filed this present and independent suit in the circuit court to recover the money as in an ordinary action for money had and received. In the trial of the case now before us it was agreed between counsel that the principal issue for determination was whether the property was taxable in this state, and that no question would be raised or urged as to whether, if assessable, the county assessing authorities should assess or whether the assessment should be made by the state tax commission. During our consideration of the case, we were especially reminded of this agreement by a formal communication from counsel for appellee, and, agreeably thereto, we did not enter upon further consideration of the question waived by agreement of counsel, as aforesaid.
Nevertheless, since our decision adverse to appellee on the principal question and that the property was subject to taxation in this state, counsel for appellee has filed a suggestion of error, and seek now to recur to the point, and for the first time to argue out the same before us, that the county assessing authorities were without jurisdiction to make the assessment, and that under section 3200, Code 1930, the jurisdiction is vested solely in the state tax commission; and counsel justify this course on the argument that a jurisdictional question may not be agreed upon nor waived by the parties and may be raised *Page 194 
at any time and at any place regardless of any agreement or previous request.
In Eady v. State, 153 Miss. 696, 122 So. 199, 200, we said: "It is rarely the case that this court will notice, on a suggestion of error, a new contention, one not assigned or argued on the submission of the case. As a general rule it is no more permissible on appeal to present a case in halves or by piece-meal than it would be on the original trial" — citing many previous cases. For the stronger reasons, we would not consider on a suggestion of error a point expressly withheld by agreement of the parties on the original submission, and which agreement had been observed by the court in arriving at its original opinion. The present suggestion of error is not saved from the stated rule by the argument that a jurisdictional question is involved, for there is involved no jurisdictional question so far as concerns the rule as to when and how jurisdictional questions may be raised. The circuit court had full and undoubted jurisdiction of this case; and the particular jurisdictional question, namely, whether the county assessing authorities had jurisdiction to make the assessment, was a question which went not to the jurisdiction of the circuit court, but to the merits of what the judgment of the circuit court should be. If an appeal from the assessment made by the county assessing authorities had been taken to the circuit court, and from the circuit court to this court, then, if the county assessing authorities had no jurisdiction, it might well be argued that the only jurisdiction that the circuit court or this court would have would be to adjudge and declare the want of jurisdiction; but this is no such appeal. This case is upon an ordinary circuit court declaration for a money judgment, and we must repeat that the question whether the county assessing authorities had jurisdiction to make the assessment under which the money was paid by appellee and which is sought to be recovered back *Page 195 
is one going to the merits of the instant case, and not to the jurisdiction either of the circuit court or of this court.
Overruled.